UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAURA GERMANO,<br><br>                    Plaintiff,<br><br>-against-<br><br>JENNIFER BECK, ET AL.,<br><br>                    Defendants. | 23-CV-0125 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in California, brings this action *pro se*. She alleges that after her divorce proceedings in New Jersey, judges from New Jersey countenanced the removal of her child from her custody in 2013. For the following reasons, the Court transfers this action, under 28 U.S.C. § 1406, to the United States District Court for the District of New Jersey.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that her divorce proceedings took place in the Supreme Court of New Jersey, Chancery Division, in Monmouth County. (ECF 2 at 12.) In 2013, her son, who was

attending elementary school in Howell, New Jersey, was "taken to Newark, NJ against his [m]other's consent and forced to live with his . . . father," who worked in Newark. (*Id.*) Plaintiff reached out for assistance to numerous officials, including New Jersey Senator Cory Booker and others. She brings this action against New Jersey judges, current and former New Jersey Attorneys General and Deputy Attorneys General, New Jersey school and government officials, caseworkers from the New Jersey Department of Child Protection and Permanency, and New Jersey police officers. Plaintiff also sues numerous government officials and private individuals in California. From New York, Plaintiff sues the Kings County District Attorney's Office, as well as an Assistant District Attorney and social worker with the Victim Services Unit from that office.[1]

Venue is proper under Section 1391(b)(1) only if all defendants are residents of the State in which the district is located, which is not the case here. Venue is proper under Section 1391(b)(2) in each district in which a substantial part of the events or omissions giving rise to the claim occurred. Plaintiff's allegations reflect that all of the events giving rise to her claims took place outside this district. Thus, venue is not proper in this Court under either Section 1391(b)(1) or Section 1391(b)(2).

If a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A substantial part of Plaintiff's claims arose in New Jersey, and thus venue is proper in the United States District Court for the District of New Jersey. 28 U.S.C.

---

[1] Kings County is in the Eastern District of New York – not the Southern District of New York. 28 U.S.C. § 112(c).

§ 1391(b)(2). In the interest of justice, the Court transfers this action to the United States District Court for the District of New Jersey, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of New Jersey. Whether Plaintiff should be permitted to proceed further without prepayment of fees, or should be appointed *pro bono* counsel, are determinations to be made by the transferee court. A summons shall not issue from this Court, and this order closes the case in this Court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   January 10, 2023
         New York, New York

                                         /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                         Chief United States District Judge